```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 10-61054-CIV-COHN
                         MAGISTRATE JUDGE P.A. WHITE
```

JUSTIN BROWN,                    :

    Petitioner,              :

v.                               :          <u>REPORT OF</u>
                                             <u>MAGISTRATE JUDGE</u>
WALTER McNEIL,                   :

    Respondent.              :
_____

## I.  <u>Introduction</u>

Justin Brown, who is presently confined at the DeSoto Correctional Institution in Arcadia, Florida, has filed a <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking his convictions and sentences in case number 02-2846CF10C, entered in the Circuit Court of the Seventeenth Judicial Circuit in Broward County.

This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has before it materials including the petition (DE# 1), and Respondent's response to an order to show cause with exhibits attached (DE# 9, 10).

## II.  <u>Procedural History</u>

1

Brown was charged by information with robbery with a firearm (count I), attempted robbery with a firearm (count II), aggravated battery with a firearm (count III), aggravated fleeing and eluding (count IV), and possession of a firearm by a convicted felon (count V). (DE# 10, Ex. A). A jury found Brown guilty on counts I, II, III, and V. (DE# 10, Ex. B). The trial court adjudicated Brown guilty and imposed a life sentence for count I, thirty years for count II, fifteen years for count III, and thirty years for count V, all to run concurrently. (DE# 10, Ex. C).

Brown pursued a direct appeal in Florida's Fourth District Court of Appeal. (DE# 10, Ex. D). The Fourth DCA per curiam affirmed the conviction and sentence without written opinion in Brown v. State, 858 So. 2d 1061 (Fla. 4 DCA October 29, 2003), mandate issued November 14, 2003. (DE# 10, Ex. E).

On February 23, 2005,[1] Brown filed a petition for writ of mandamus in the Fourth DCA. (DE# 10, Ex. F). The Fourth DCA transferred the petition to the trial court for resolution. (DE# 10, Ex. G). The circuit court denied the petition as moot in an August 3, 2005 order. (DE# 10, Ex. H).

On November 14, 2005, Brown filed a motion for postconviction relief at the trial court level. (DE# 10, Ex. I). On October 11, 2007, the trial court entered an order denying the motion. (DE# 10, Ex. J). On March 5, 2009, Brown appealed the trial court's denial of his motion. (DE# 10, Ex. K). The Third DCA affirmed the lower court's order in a per curiam decision without written

---

[1] Florida recognizes the "mailbox" rule. See Griffin v. Sistuenck, 816 So.2d 600, 601 (Fla. 2002)(date of service in prisoner's certificate of service was used as filing date), citing, Haag v. State, 591 So.2d 614 (Fla. 1992)(a pro se prisoner's motion is considered to be filed when it is handed over to prison personnel for mailing). See also Haines v. State, 641 So.2d 464 (Fla. 4 DCA 1994).

opinion in Brown v. State, 32 So. 3d 633 (Fla. 4 DCA April 21, 2010), mandate issued May 21, 2010. (DE# 10, Ex. L).

On June 15, 2010,[2] Brown filed the instant pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (DE# 1).

### III. Statute of Limitations

In the response to the order to show cause, the respondent solely asserts that the instant petition is time-barred pursuant to 28 U.S.C. §2244(d), warranting dismissal of the petition. The respondent's assertion of time-bar is meritorious and this petition should be dismissed as time-barred for the reasons indicated immediately below.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner must generally file his §2254 petition within one year from the date that his conviction became final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. §2244(d)(1)(A);[3] Jimenez v.

---

[2] This Court also applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing." Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1294 n. 4 (11 Cir. 2008). See also Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999)(prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

[3] The statute provides that the limitations period shall run from the latest of —

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

Quarterman, ___ U.S. ___, ___, 129 S.Ct. 681, 685-86, 172 L.Ed.2d 475 (2009)(explaining the rules for calculating the one-year period under §2244(d)(1)(A)). This period is tolled while a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending.[4] 28 U.S.C. §2244(d)(2). Moreover, the one-year limitations period is also subject to equitable tolling in rare and exceptional cases. Lawrence v. Florida, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007)(holding that for equitable tolling to apply, a petitioner has the burden of proving: "(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."). See also Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11 Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, 535 U.S. 1080 (2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11 Cir. 1999).

Here, on October 29, 2003, the Fourth DCA affirmed the judgment of conviction on direct appeal in Brown v. State, 858 So. 2d 1061 (Fla. 4 DCA 2003).  Brown's conviction became final on January 27, 2004, ninety days after the Florida Fourth District

---

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

[4]    A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4 (2000)(overruling Weekley v. Moore, 204 F.3d 1083 (11 Cir. 2000)).

Court of Appeal affirmed his convictions on direct appeal. See Chavers v. Secretary, Florida Dept. of Corrections, 468 F.3d 1273, 1275 (11 Cir. 2006), *citing*, Bond v. Moore, 309 F.3d 770 (11 Cir. 2002).  Accordingly, the judgment of conviction and sentence in the instant case became final at the very latest on January 27, 2004. This federal petition for writ of habeas corpus challenging the instant convictions was not filed until June 15, 2010, well-beyond one-year after the date on which the convictions and sentences became final. The petition is, therefore, time-barred pursuant to 28 U.S.C. §2244(d)(1)(A) unless the appropriate limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. 28 U.S.C. §2244(d)(2).

As indicated above, Brown initiated postconviction challenges to his convictions and sentences in both the state trial and appellate courts.  On February 23, 2005, Brown filed a petition for writ of mandamus in the Fourth DCA.  This postconviction proceeding did not toll the one-year limitations period, because he did not seek postconviction relief until after the applicable limitations period had already expired on January 27, 2005. See Tinker v. Moore, 255 F.3d 1331, 1332 (11 Cir. 2001)(holding that a state petition filed after expiration of the federal limitations period cannot toll the period, because there is no period remaining to be tolled); Webster v. Moore, 199 F.3d 1256, 1258-60 (11 Cir.)(holding that even properly filed state court petitions must be pending in order to toll the limitations period), cert. denied, 531 U.S. 991 (2000).

Even if Brown were to maintain that he could not timely file his habeas petition with this Court, because he first needed to exhaust his state court remedies prior to filing the instant

5

petition, any such claim would also be meritless. Because the tolling provisions of §2244(d)(2) already accommodate the exhaustion requirement that petitioner faced, he would not be entitled to equitable tolling on this basis. See Smith v. McGinnis, 208 F.3d 13, 17-18 (2 Cir. 2000); See also Franklin v. Bagley, 27 Fed. Appx. 541, 542-543 (6 Cir. 2001)(limitations period not equitably tolled due to the fact that petitioner was attempting to exhaust all of his state court remedies prior to filing his federal habeas petition, absent a showing of due diligence).

Further, this case presents no grounds for the application of the doctrine of equitable tolling. Lawrence v. Florida, 549 U.S. at 336. The Eleventh Circuit has continued to emphasize that "[e]quitable tolling is an extraordinary remedy that must be applied sparingly" for "[a] truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11 Cir. 2008). The record also does not demonstrate that Brown was in any way impeded by any unconstitutional State action in pursuing state postconviction relief or filing this federal petition for writ of habeas corpus, and actually indicates to the contrary as revealed by the above-reviewed state postconviction proceedings. Finally, Brown's status as an unskilled layperson does not excuse the delay. See Johnson v. United States, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582 (2005)(stating that "the Court has never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). See also Rivers v. United States, 416 F.3d at 1323 (holding that while movant's lack of education may have delayed his efforts to vacate his state conviction, his procedural ignorance is not an excuse for prolonged inattention when promptness is required).

Accordingly, the time-bar is ultimately the result of Brown's failure to timely institute state postconviction proceedings and then this federal habeas corpus proceeding. Since this habeas corpus proceeding instituted on June 15, 2010 is untimely, Brown's claims challenging the lawfulness of his convictions are now time-barred pursuant to 28 U.S.C. §2244(d)(1)-(2) and should not be considered on the merits.

V. <u>Conclusion</u>

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be dismissed as untimely filed pursuant to 28 U.S.C. §2244(d)(1)-(2) and, in the alternative, denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

DONE AND ORDERED at Miami, Florida, this 12th day of January, 2011.

UNITED STATES MAGISTRATE JUDGE

cc:  Justin Brown
     DC #W05266
     DeSoto Correctional Institution
     13617 S.E. Highway 70
     Arcadia, FL 34266-7800

     Melynda Layne Melear
     Attorney General Office
     1515 N Flagler Drive
     9th Floor
     West Palm Beach, FL 33401-3432