UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-61054-CIV-COHN/WHITE

JUSTIN BROWN,

        Petitioner,

v.

WALTER A. MCNEIL,

        Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon the Report of Magistrate Judge [DE 12]
("Report"), submitted by United States Magistrate Judge Patrick A. White, regarding
Justin Brown's *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus [DE
1] ("Petition"). Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo*
review of the record herein, including the Petition, the Report of Magistrate Judge, Mr.
Brown's Objections to the Report [DE 13] ("Objections"), and is otherwise fully advised
in the premises.

### I. BACKGROUND

On November 1, 2002, in the Seventeenth Judicial Circuit Court for Broward
County, a jury found Mr. Brown guilty of robbery with a firearm (Count I), attempted
robbery with a firearm (Count II), aggravated battery with a firearm (Count III), and
possession of a firearm by a convicted felon (Count V). DE 10 at 9-15. The trial court
sentenced him to life for Count I, thirty years for Count II, fifteen years for Count III, and
thirty years for Count V, all to run concurrently. DE 10 at 24-38]. On October 29, 2003,

Florida's Fourth District Court of Appeal affirmed the conviction and sentence.  DE 10 at 77-78.  Mr. Brown then filed a Petition for Writ of Mandamus on February 23, 2005, which the trial court denied as moot on August 3, 2005.  DE 10-1 at 3.  Mr. Brown also filed a motion for post-conviction relief on November 14, 2005, which the trial court denied on October 10, 2007, DE 10-1 at 20, and the Fourth District Court of Appeal affirmed in a mandate issued on May 21, 2010, DE 10-1 at 81.

On June 15, 2010, Mr. Brown filed the instant § 2254 Petition.  On January 12, 2011, Judge White filed his report recommending that the Court deny the § 2254 Petition as untimely filed pursuant to 28 U.S.C. § 2244(d), or in the alternative, deny the Petition.  DE 12 at 7.  Mr. Brown filed his Objections on February 10, 2011.

## II. DISCUSSION

Under 28 U.S.C. § 2244(d), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  Under the applicable subpart of that statute, the limitation period runs from "the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

"The judgment becomes 'final' on the date in which the United States Supreme Court either issues a decision on the merits of the petitioner's direct appeal or denies certiorari, or after the expiration of the 90-day period in which the petitioner could have filed a petition for a writ of certiorari."  Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1274-75 (11th Cir. 2006) (citing Bond v. Moore, 309 F.3d 770, 773 (11th Cir. 2002)).  The Fourth District Court of Appeal affirmed Mr. Brown's conviction on October

29, 2003. Mr. Brown did not file a petition for a writ of certiorari afterward, and his 90-day period for filing such a petition expired on January 27, 2004. Mr. Brown thus had until January 27, 2005 to file a petition for writ of habeas corpus. The instant § 2254 Petition was not filed until June 23, 2010. Therefore, the § 2254 Petition is untimely under § 2244(d)(1)(A).

Though the one-year limitations period may be extended either by § 2244(d)(2) or by equitable tolling, neither situation applies here. First, § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, a motion filed after a limitations period expires cannot possibly toll the period because there is no period left to be tolled. Tinker v. Moore, 255 F.3d 1331, 1332 (11th Cir. 2001); Webster v. Moore, 199 F.3d 1256, 1258-60 (11th Cir. 2001). Mr. Brown filed two post-conviction motions: a Petition for Writ of Mandamus on February 23, 2005; and a motion for post-conviction relief on November 14, 2005. The limitations period expired on January 27, 2005, before either motion was filed. Therefore, neither Mr. Brown's Petition for Writ of Mandamus nor his motion for post-conviction relief operated to toll his limitations period under § 2244(d)(2).

Second, equitable tolling applies when a petitioner proves "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quotations and citations omitted). The Court agrees with Judge White that "this case presents no grounds for the application of the doctrine of equitable tolling." DE 12 at 6.

3

In his Objections, Mr. Brown disagrees, suggesting that equitable tolling should apply here because the reason for his delay was that he was attempting to obtain record documents from his appellate counsel. DE 13 at 2. The purpose of the Petition for Writ of Mandamus was to obtain those documents, but as discussed above, this petition was filed after the limitations period expired. Mr. Brown presents no explanation as to why he waited over a year to file his Petition for Writ of Mandamus. Instead, he requests that the Court apply the standard for equitable tolling that the Supreme Court of the United States articulated in Holland v. Florida, 130 S. Ct. 2549 (2010). According to Holland, "professional misconduct that fails to meet the Eleventh Circuit's standard could nonetheless amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling." Id. at 2563. Mr. Brown has pointed to no evidence demonstrating that during the time he was attempting to obtain documents from his counsel, his counsel's behavior was "egregious" to the extent that it presented an "extraordinary circumstance" sufficient to warrant equitable tolling. See id. Accordingly, the Court finds Mr. Brown's objection to be without merit.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report of Magistrate Judge [DE 12] is **ADOPTED**;

2. Mr. Brown's Objections to the Report [DE 13] are **OVERRULED**;

3. Mr. Brown's *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus [DE 1] is **DENIED with prejudice**;

4. All pending motions are **DENIED as moot**, and the Clerk of Court is

4

directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this _8th_ day of April, 2011.

**JAMES I. COHN**
**United States District Judge**

Copies provided to:
Counsel of record

Justin Brown
DC #W05266
DeSoto Correctional Institution
13617 S.E. Highway 70
Arcadia, FL 34266-7800

5